McNEIL v. ARMSTRONG.

(Circuit Court of Appeals, Fourth Circuit. July 10, 1897.)

No. 219.

BUILDING CONTRACT—CONSTRUCTION—PERFORMANCE.

Where a contract provides that work is to be done according to certain plans and specifications, and materials furnished to be of the best, and to be to the entire satisfaction of the architect and owner, if it appears that the materials furnished were satisfactory, and the work was done according to the plans and specifications, the contractor is entitled to recover.

In Error to the Circuit Court of the United States for the District of Maryland.

The plaintiff in error, who was the defendant below, entered into a contract December 19, 1894, with A. F. Wurach, by which the latter was to furnish and set the tiles, copper work, gutters, and conductors on the roof of the house of G. M. Hutton, at Newport, R. I., in accordance with the plans and specifications of Messrs. Peabody & Stearns, architects. McNeil Bros. were the contractors for the building of the house. Wurach, whose contract was for the roof only, began work in July, 1895, and finished in December, 1895; and the defendant in error, who was the plaintiff below, is his assignee. This suit is for the balance due on that contract, so much of which as is relevant to the controversy herein is in the words following: "It is hereby agreed that the said Adam F. Wurach will fully do, perform, and furnish all the work and materials required to be done by the said McNeil Brothers under the above-named contract, plans, specifications, and details, all to be done in good and thorough manner, and all the materials provided to be of the best quality, and are to be to the entire satisfaction of Mr. Geo. M. Hutton and Messrs. Peabody & Stearns." The suit was commenced in the superior court of Baltimore city, and removed, upon the petition of the defendant, to the circuit court of the United States for the district of Maryland. The plaintiff in error offered three prayers for instructions which were refused by the court, and the assignments of error are for the refusal to grant the first and third prayers, which are as follows: "First Prayer. The defendant prays the court to rule, as matter of law, that the plaintiff is not entitled to recover in this case unless the court, sitting as a jury, shall find that the work and materials called for by the plans, specifications, and details referred to in the contract offered in evidence, of December 19, 1894, between McNeil Bros. and Adam F. Wurach, were done and furnished by said Wurach in accordance with the said plans, specifications, and details; that the said material were of the best quality; that the said work was done in a good and thorough manner, and that the said materials and the said work were to the entire satisfaction of the firm of Peabody & Stearns, architects, and of the G. M. Hutton mentioned in said contract; and that the roofs referred to in said contract and plans, specifications, and details are thoroughly tight, in the judgment of the said Peabody & Stearns." "Third Prayer. The defendant prays the court to rule, as matter of law, that if the court, sitting as a jury, shall, under the rulings of the court, find a verdict for the plaintiff, the damages which the plaintiff is entitled to recover in this case are the sum of $300, charged for change of gutters, the sum of $17.50, charged for lead, and such other sums the court, sitting as a jury, may find a reasonable charge for repairing the injury to the roof caused by the blowing off of the boards, as testified to, and the difference between the contract price for said roof and the cash paid the said Wurach by the defendant, less the allowances claimed by the defendant, as set out in the account offered in evidence by him, and less such other sums as the court, sitting as a jury, shall find were expended by the defendant in looking for and repairing the leak in the kitchen chimney, as testified to, and such as are necessary to make the roof mentioned in said contract of December 19, 1894, tight, and the said roof and the art fence mentioned in the evidence conform to the plans, specifications, and details referred to in said contract, with interest on said balance and all of said items, in the discretion of the court, sitting as a jury." The case was tried by the judge, a jury being waived. The items of the account are considered in detail, and the rulings and findings of the court appear in the record. The court held "that by the contract the work was required to be done in a good and workmanlike manner; that the materials were required to be of the best quality, to the satisfaction of Mr. Hutton and the architect; that the contract requires the roof to be thoroughly tight; that the roof was constructed, both as to work and materials, in accordance with the contract, plans, drawings, and specifications and subsequent agreements, with but very trifling defects as to tightness, which have been remedied by the expenditures above allowed"; and that the plaintiff was entitled to recover the sum of $2,815.64; and a verdict for that sum was entered.

John N. Steele, for plaintiff in error.

Charles N. Armstrong (Charles Marshall on brief), for defendant in error.

Before SIMONTON, Circuit Judge, and HUGHES and BRAW-
LEY, District Judges.

BRAWLEY, District Judge (after stating the facts as above).
We do not find any error here. The testimony shows that the work
was done under the inspection of the owner and his agents, no
material defects being pointed out or objections made during its
progress. Such slight defects as appeared have been corrected, or
allowance has been made for them. Some of the objections were
of a trivial nature, others were evidently founded upon a mistake,
and the owner is in possession and occupancy. The case was heard,
by consent of parties, without a jury, by an uncommonly careful and
conscientious judge, who finds, as matter of fact, "that the roof was
constructed, both as to work and materials, in accordance with the
contract, plans, drawings, and subsequent agreements."

It is contended by the plaintiff in error, and his first prayer for
instruction asks the court to rule, that by the terms of the contract
both materials and work were to be to the entire satisfaction of the
architects and of the owner, and that the satisfaction of such archi-
tects and owner is a condition precedent to recovery. It is not
necessary to consider that class of cases which holds that a simple
allegation of dissatisfaction, without some good reason assigned
for it, is to be considered as a mere pretext, and not to be regarded.
They fall within the rule that "that which the law will say a con-
tracting party ought in reason to be satisfied with, that the law
will say he is satisfied with." Where the object of a contract is to
gratify taste and personal preferences, a different rule prevails, and
parties may not unreasonably be expected to be bound by the opinion
honestly entertained of the person whom he undertakes to satisfy,
and performance must accord with the terms of the contract. Con-
tracts of this nature must be explicit, for it is not to be presumed
that parties will undertake a work the remuneration for which de-
pends upon the mental condition of others, which they alone can dis-
close. The tiles with which this roof was to be covered were to be
of a peculiar and rare shade of color. It was not unreasonable that
the owner and his architects should demand that they should accord
with their tastes, and, however capricious and exacting their tastes
might be, it was the duty of the contractor to comply with his con-
tract to satisfy them; and this appears to have been done, for there
is no allegation or proof that the materials furnished were not to
the entire satisfaction of the owner and his architects. The work
to be done in putting on the tiles was defined by the plans, specifica-
tions, and details prepared by the architects. This involves no
question of personal tastes or preferences. The work to be done is
specifically defined, and the manner in which it is done is deter-
mined by rules which leave nothing to arbitrary caprice. It is
earnestly contended that the court should construe this contract
according to the presumed intention of the parties, and that the
work to be done, as well as the materials furnished, should be satis-
factory to the owner and architects, that the same reasons apply
equally to both, and the terms, being somewhat ambiguous, should

81 F.—60

have such reasonable construction. We have already indicated the grounds upon which there might be a distinction between the requirements as to material and work, but it is sufficient to say that the contract does not so expressly provide, and, inasmuch as it was prepared by the plaintiff in error, the well-settled rule is applicable, that in case of doubt or ambiguity the words are to be taken most strongly against the party employing them, and such construction adopted as is most favorable to the other party. The finding of the court that the work was done in accordance with the contract settles the question. The judgment of the circuit court is affirmed.